United States District Court
Southern District of Texas
**ENTERED**
November 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOEL MELO-CEDANO, | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. B-16-256 |
| | § | (Criminal No. B-15-741-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of: (1) Joel Melo-Cedano's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Melo-Cedano's "Motion" or "§ 2255 Motion"); and, (2) Joel Melo-Cedano's Application to Proceed in District Court Without Prepayment of Fees or Costs (hereinafter, Melo-Cedano's "Application"), and accompanying six-month "Account Statement." Dkt. Nos. 1, 2 and 6. Melo-Cedano's § 2255 Motion attacks his judgment of conviction and sentence in *United States v. Melo-Cedano*, 1:15-741-1, Dkt. No. 51.[1] It is recommended that the Court dismiss Melo-Cedano's § 2255 Motion and case without prejudice because his appeal in *United States v. Melo-Cedano* is still pending and resolution of his appeal may moot or otherwise affect the requests for relief set forth in his instant § 2255 Motion. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

---

[1] Hereinafter, Melo-Cedano's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

## I.  Background

On January 14, 2016, Melo-Cedano pleaded guilty, without a plea agreement, in this District Court to being an alien unlawfully found in the United States after deportation, having been previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b).  *See* CR Dkt. No. 51 at 1.  On April 13, 2016, United States District Judge Rolando Olvera sentenced Melo-Cedano to 45 months of imprisonment.  *Id*. at 1-2.  Judgment was entered on April 29, 2016.  *Id*. at 1.

On or about April 21, 2016, Melo-Cedano filed a Notice of Appeal.  CR Dkt. No. 47.  On October 3, 2016, Melo-Cedano filed his instant pro se § 2255 Motion.  Dkt. No. 1 at 16.  In his § 2255 Motion, Melo-Cedano states that he has informed his appellate counsel, "and the District Court" of his desire to withdraw his direct appeal in favor of proceeding with his instant  § 2255 Motion.  *Id*.  However, Melo-Cedano's appellate counsel has since verbally informed the Court that Melo-Cedano no longer wishes to withdraw his direct appeal.  The Court has verified that Melo-Cedano's appeal of his judgment of conviction and sentence in *United States v. Melo-Cedano*, 1:15-741-1 is still pending.  *See Joel Melo-Cedano v. United States*, No. 16-40589 (5th Cir., filed Apr. 21, 2016).  Most recently, Melo-Cedano, through his counsel, filed an "Unopposed Motion for Leave to File a Response to Appellee's Motion for Summary Affirmance." *See id.,* "Document: 00513692624."

## II.     28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or

the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[2] amended 28 U.S.C. § 2255 to provide for a one-year limitations period applicable to motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f).  Pursuant to § 2255(f), the one-year limitation period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

### III. Discussion

Melo-Cedano's appeal of his judgment of conviction and sentence is still pending,[3] and his conviction is not final for purposes of calculating his limitations period under § 2255(f). "The general rule is that, absent extraordinary circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, during the pendency of a direct appeal, as the disposition of the appeal may render the motion moot." *Lopez v. United States*, Civil Action No. 10-00242-WS, 2010 WL 2574182, at *2 (S.D. Ala., May 20, 2010) (collecting cases); *see also United States v. Robinson*, 8 F.3d 398, 405–06 (3rd Cir. 1993) (general rule is that absent extraordinary circumstances, district courts should not consider § 2255 motions, including § 2255 motions asserting ineffective assistance of counsel, if a direct appeal is pending). Consistent with this general rule, the Fifth Circuit has held that "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1998) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)). *See also Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968) (a § 2255 motion "will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."), *abrogated on other grounds by United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988); *Stark v. Holder*, No. 3:14-CV-2920, 2014 WL 5013742, at *5 (N.D. Tex., Oct. 7, 2014) (same) (citing *Jones*, 453 F.2d 351, 352 and *Robinson*, 8 F.3d 398, 405-06).

---

[3] *See Joel Melo-Cedano v. United States*, No. 16-40589 (5th Cir., filed Apr. 21, 2016).

Thus, because Melo-Cedano is still pursuing a direct appeal, his instant § 2255 Motion is premature.[4]  The outcome of his appeal could moot his alleged § 2255 requests for relief.  Consistent with the general rule, then, it is inappropriate to address Melo-Cedano's § 2255 Motion prior to the resolution of his direct appeal because no extraordinary circumstances mandating immediate review are present on the record before the Court.  "In such a situation, the defendant's § 2255 motion should be dismissed without prejudice to refiling after resolution of the direct appeal." *Hernandez–Muniz v. United States*, No. B-09-143, 2009 WL 2253249, at *1 (S.D. Tex. July 28, 2009) (citing *United States v. Fantozzi*, 90 F. App'x. 73, 74 (5th Cir. 2004)); *See also United States v. Ferguson*, H-09-604-1, 2010 WL 2698615, at *1 (S.D. Tex., July 7, 2010) (same).  Accordingly, Melo-Cedano's § 2255 Motion and case should be dismissed without prejudice to refiling.

### IV.  Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and

---

[4]  The Court notes here that Melo-Cedano need not file an application to proceed without prepayment of fees in order to commence a 28 U.S.C. § 2255 action because no filing fee is required.  *See United States v. Moore*, Cr. No. C-05-542, 2009 WL 189294, at *1 (S.D. Tex. Jan. 26, 2009) ("[F]or purposes of filing fees a motion filed under 28 U.S.C. § 2255 is essentially a continuation of the defendant's criminal case" and requires no filing fee.).

citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Melo-Cedano has not made a substantial showing of the denial of a constitutional right.

## V. Recommendation

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, it is recommended that Melo-Cedano's § 2255 Motion (Dkt. No. 1) and case be summarily dismissed without prejudice. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings

and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 21st day of November, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**